[Civ. No. 1705. Second Appellate District.—February 4, 1916.]

PASSOW & SONS (a Corporation), Respondent, v. HERMAN HARRIS et al., Appellants.

Contract—Sale of Billiard-tables—Delay in Delivery—Waiver of Objection.—In a contract for the sale of billiard-tables, where the delivery of the tables was to be made "on or about the 5th day of June, 1915," and time was made of the essence of the contract, the words "on or about" are not to be construed to mean "exactly," but delivery within a reasonable time after June 5th would satisfy the condition, and a delay until June 9th was not an unreasonable lapse of time; and where on the latter date the purchasers advised the sellers of their inability to receive the tables and requested that they be shipped after June 20th, and on June 10th, after giving this last-mentioned notice, advised the sellers that they might be shipped on any date that was convenient, whereupon the latter immediately advised them that they would be shipped on the 17th of June, to which no objection was raised until the latter date, when the purchasers attempted to rescind their contract, but nowhere in the correspondence complained of any delay in delivery, the purchasers are estopped from complaining of delay in delivery.

ID.—TENDER—WAIVER OF.—In such a case, where the purchasers notified
the sellers that they had revoked and countermanded the order, it
was not necessary for the latter to make a tender of the physical
property agreed to be sold before bringing suit for the purchase
price.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
Louis W. Myers, Judge.

The facts are stated in the opinion of the court.

Henry K. Norton, and Wilbur Bassett, for Appellant.

Schweitzer & Hutton, for Respondent.

JAMES, J.—Defendants by written contract agreed to pur-
chase from the plaintiff three billiard-tables for an aggregate
price of $975. The office of plaintiff was at the city of San
Francisco. In this contract it was agreed that $225 should
be paid as the initial payment and the sum of $30 per month
thereafter paid until the whole amount mentioned had been
satisfied. The contract also contained this clause: "Shipped
to Los Angeles on or about the 5th day of June, 1913, . . . "
The contract in its other terms provided that when the total
price had been paid a bill of sale should be given, and fur-
ther provided that if the purchaser should "refuse to accept
delivery of or to return the said goods, then the entire unpaid
balance of this contract, with interest, shall in either of said
cases immediately become due and payable and the said Pas-
sow & Sons may enforce payment of the entire amount, prin-
cipal and interest then unpaid, or, if they so elect, they may
cancel this contract and take possession of said goods, with-
out legal process." A clause in the latter portion of the
writing reads as follows: "In all matters herein mentioned
time is declared the essence of this contract." Defendants
at the time they entered into this contract owned three old
tables, which it was agreed should be valued at $225 and that
amount credited as the initial payment on the contract for
the new tables. Defendants refused to receive the new tables
when offered to them and converted the old tables to their
own use; whereupon this action was brought to recover the
balance due under the contract for the sale of the new tables,

and also the sum of $225 as the value of the old tables.   Judgment was in favor of plaintiff.   A motion for a new trial being denied, this appeal was taken from the order made in that regard and also from the judgment.

The evidence showed that upon the making of the contract plaintiff caused the new tables to be shipped from Chicago to San Francisco, at which latter place they were received. On June 9th the tables had not been shipped from San Francisco to the vendees in Los Angeles, and on that date the defendants wrote to the plaintiff that they had not sold any of the old tables, but that the plaintiff could, any time after June 20th, ship the three new tables to them.   In a letter dated June 10th the defendants again wrote the plaintiff as follows: "I am writing to let you know that we sold the 3 tables about 1 hour after I wrote you yesterday. . . . You can ship 3 tables any day that will be convenient to you." In a letter dated June 11th the plaintiff replied: "Your three new tables will be shipped from here June 17th and will arrive in your city about three days later."   In a letter dated June 16th defendants wrote the plaintiff as follows: "I wish to say that it will not be necessary for you to ship the tables ordered, and I herewith notify you that I countermand this order, as I have made other arrangements."   The plaintiff immediately wired in response to this letter, stating to the defendants that it would insist upon the contract being enforced, and in a letter of the same date reiterated their determination in that regard, and requested that defendants give advice as to what date they desired the tables shipped; otherwise that the plaintiff would proceed against them.   To this letter the defendants made response by telegram as follows: "Do not ship tables we revoked and countermanded order letter June sixteenth refuse to accept."   The testimony showed that immediately following the receipt of this telegram the agent of plaintiff came to Los Angeles and demanded the delivery of the three old tables purchased by the plaintiff, and was told by one of the defendants that the tables were gone and that he did not know where they were.   Defendants offered no testimony, but depended for their defense upon two principal contentions: First, that the condition as to delivery of the new tables on or about the 5th of June was not complied with, and that therefore the plaintiff was in default as to its obligation in that particular.   Second, that there

29 Cal. App.—36

was no sufficient tender made of the articles purchased prior to suit brought. We think there is no merit in either of these contentions, and that the failure of the defendants to fulfill their agreement is wholly without excuse in the law. It would appear that the phrase in the contract making time the essence thereof was more particularly designed to affect the conditions required of the defendants in the matter of the making of payments. But even though it may be said that strict compliance was agreed to be made as to all matters embraced within the terms of the contract, the parties themselves failed to make the delivery date certain and specific, for they provided that the delivery of the new tables should be "on or about the 5th day of June, 1913." "On or about" does not mean exactly, and to such a phrase the court would apply the construction that that condition is satisfied where delivery was made within a reasonable time after the 5th of June. And it may be fairly said that there had been no unreasonable lapse of time when, on June 9th, the defendants wrote stating in effect their inability to then receive the tables and requesting that they be shipped after the 20th of June. Then, on the 10th of June, after giving this last-mentioned notice, they advised the plaintiff that the three tables might be shipped on any day that was convenient. The plaintiff immediately advised them that the tables would be shipped on the 17th, one week later. No objection was raised to this date until the day before the 17th, when the defendants attempted to rescind their contract. In their correspondence they seem not to have complained of any delay in the matter of the delivery of the new tables, and it is very apparent that the reason for their action was something quite foreign to a contention of that sort. There is every reason for holding that the defendants by their conduct are estopped from raising any question as to the failure of the plaintiff to deliver in time. We think that the trial judge's conclusion, as it inferentially appears from the findings made, that no default was committed by the plaintiff in the performance of any of its obligations, is fully sustained by the evidence.

The plaintiff, upon the announced refusal of the defendants to proceed further under their contract or to accept the tables purchased, was under no obligation to make a tender of the physical property agreed to be sold. It acted strictly in accordance with a term of the contract which we have

quoted which covered the precise contingency that arose between the parties to the contract here involved. Moreover, plaintiff's action was directly in accordance with the provisions of the statute. "If a party to an obligation gives notice to another, before the latter is in default, that he will not perform the same upon his part, and does not retract such notice before the time at which performance upon his part is due, such other party is entitled to enforce the obligation without previously performing or offering to perform any conditions upon his part in favor of the former party." (Civ. Code, sec. 1440.)

There are no further points presented which call for or merit consideration.

The judgment and order appealed from are affirmed.

Conrey, P. J., and Shaw, J., concurred.